[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 28, 1997 this court entered a decision adjudicating the children Joshua and Alicia to be neglected children pursuant to § 46b-129 of the General Statutes. The court awarded the children's care and personal custody to the children's mother under an order of protective supervision for a period of twelve months. On May 21, 1998, the Commissioner of the Department of Children and Families "DCF" moved to open and modify the disposition. The children's father thereafter moved for a transfer of custody to him. The case was referred back to the Child Protection Session for hearing. On July 23, 1998, the parties appeared and were at issue.
The court heard from the current social worker for DCF, three workers from the Waterford Country School, Thomas Bent Shelter, the clinical social worker providing therapy for the respondent mother, another family therapist, the respondent father of the children and the Guardian Ad Litem for the children.
The court's prior memorandum of decision clearly sets out the history and posture of the case as of November, 1997. The court was hopeful at the time that the respondent, mother would continue to benefit from counseling and would be able to address her "very serious and troubling, limitations." The court noted CT Page 8635 that her "steadfast denial of Michael's conduct is a pervasive and invidious problem." The recent testimony, regrettable confirms that the respondent/mother has not been able to deal with her own anger and with her denial of Michael's longstanding sexual behavioral problems.
The testimony supports a finding that her conduct and attitude are not helpful to Michael. She is still in denial and her anger toward DCF and her former husband present insurmountable problems to a favorable outcome for Michael, for Alicia and for Joshua. She has entered into a relationship with a man who has anger and control problems himself. There has been domestic violence within the household. Michael's conduct has further deteriorated. Alicia and Joshua are still unsettled and confused by their mother's anger and denial.
The children's father presents as an appropriate parental figure with a stabile home environment and a household free of the tension, domestic violence, anger and denial presently surrounding the children. The delicate balance suggesting that the children's mother was the preferred choice as their guardian has proven to be mistaken. Dr. Anderson, the children's guardian ad litem, and now, the department of Children and Families believe that the children's best interest would be served by a transfer of guardianship to the father. The court agrees.
 Order
The decision of the court of November 28, 1997 is hereby opened and modified. The guardianship of Alicia and Joshua is awarded to their natural father, Jerry G. He is hereby authorized to have physical custody of the children and to enroll them in school in the State of Florida where he now resides. There shall be no visitation for six months in order to permit the children time to adjust to their new surroundings. Thereafter, there shall be reasonable rights of visitation with the respondent mother. A copy of this court's November 28, 1997 decision and of this modification shall be made available to the children's therapists and to any court or court-approved agency dealing with custody or visitation of the children.
Judgement may enter accordingly,
Foley, P.J. Child Protection Session CT Page 8636 Superior Court